IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01209-LTB-KLM

WALTER CURTIS IMRIE, JR.,

    Plaintiff,

v.

SAIGE THOMAS, in her individual and official capacity,
LYNETTE CLEMONS, and
WILLIAM PERKINS,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Thomas's Unopposed Motion to Stay Discovery Pending Ruling on Her Motion to Dismiss** [Docket No. 19; Filed October 7, 2008] ("Motion to Stay"). Defendant Thomas filed a Motion to Dismiss which asserts the defense of qualified immunity [Docket No. 8]. Defendant Thomas requests a stay of discovery as to her while her immunity defense is pending before the District Court, and Plaintiff does not oppose the request.

    IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED**. Although a stay of discovery is generally disfavored, the Court has broad discretion to stay discovery while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been

resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay as to Defendant Thomas is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with her case against the burden on Defendant Thomas of going forward. *Id.* Here, both Plaintiff and Defendant Thomas agree that a stay is appropriate while the issues of immunity are being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not prompt a different result. *See String Cheese*, 2006 WL 894955, at *2.

IT IS FURTHER **ORDERED** that discovery is **STAYED** as to Defendant Thomas pending resolution of her Motion to Dismiss.

Dated: October 10, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge