IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-01209-LTB

WALTER CURTIS IMRIE, JR.,

    Plaintiff,

v.

SAIGE THOMAS, in her individual and official capacity,
LYNETTE CLEMONS, and
WILLIAM PERKINS,

    Defendants.
_____

**ORDER**
_____

    This civil rights case is before me on Defendant, Saige Thomas's, Motion to Dismiss [**Docket # 8**], Plaintiff's Response [**Docket # 15**], and Thomas's Reply [**Docket # 18**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Defendant's motion [**Docket # 8**].

### I. BACKGROUND

    The relevant facts alleged in the complaint are as follows. Plaintiff is a former roommate of Defendant Lynette Clemons. The two had a personal falling-out which led Clemons to obtain a Temporary Restraining Order against Plaintiff on September 25, 2007. The temporary restraining order was vacated on October 25, 2007.

    On November 3, 2007, Officer Thomas of the Leadville Police Department was dispatched to 211 East Tenth Street in Leadville, Colorado ("the property"), in response to a call

from Clemons reporting a violation of a protection order. Clemons showed Thomas a copy of the Temporary Restraining Order that provided that Plaintiff, who was the restrained party, was prohibited from approaching within 100 yards of Clemons or the property. A witness told Thomas that he saw Plaintiff riding a bicycle within 50 yards of the property.

Thomas confirmed there was an active restraining order against Plaintiff in the National Crime Information Center ("NCIC") system. Thomas then prepared an Affidavit of Probable Cause for Arrest. An arrest warrant was issued for Plaintiff and was executed on November 4, 2007.

Plaintiff filed this civil action under 42 U.S.C. § 1983 on June 6, 2008. Plaintiff alleges Thomas deprived Plaintiff of his right to be free from unlawful search and seizure. Plaintiff also alleges Colorado state tort claims against Clemons and another private party, the substance of which are not addressed in this order.

Thomas asserts three defenses: (1) Plaintiff fails to allege sufficient facts to show Thomas "seized" or "searched" Plaintiff in any manner; (2) Thomas had probable cause for the affidavit, and is therefore entitled to qualified immunity; and (3) Thomas is protected from civil liability under COLO. REV. STAT. §§ 18-6-803.5 and 18-6-803.6 because Plaintiff has not alleged Thomas acted in bad faith and with malice. Because I dismiss the claims against Thomas on qualified immunity grounds, I do not reach the other theories.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss under FED. R. CIV. P. 12(b)(6)

Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *See Cayman Exploration Corp.*

*v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Thus, the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim. *Id*. Nonetheless, a claim "may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, *supra*, 127 S. Ct. at 1974; *see also Kay*, *supra*, 500 F.3d at 1218. "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974). "Plausibility," however, does not refer to the likelihood that the allegations can be proven or even that the allegations are true. *See Robbins*, 519 F.3d at

3

1247.

"The determination of whether a complaint contains enough allegations of fact to state a claim to relief that is plausible on its face is dependent on the context of the claim raised." *Mink v. Knox*, 566 F. Supp. 2d 1217, 1221 (D. Colo. 2008); *see also Robbins*, *supra*, 519 F.3d at 1248. The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, *L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Accordingly, "within the context of the claim alleged, the complaint must contain enough specific allegations of fact to show that if all the alleged facts—and only the alleged facts—are believed to be true, the plaintiff has a claim for relief." *Knox*, 566 F. Supp. 2d at 1222; *see Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48;

### B. Qualified Immunity

The context of this case is a claim of qualified immunity by a state official who was sued for damages in her individual capacity. The doctrine of qualified immunity shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law. *Elder v. Holloway*, 510 U.S. 510, 512 (1994). I initially consider the threshold question of whether—taken in the light most favorable to Plaintiff as the party asserting the injury—Plaintiff alleges sufficient facts to show Thomas's conduct violated Plaintiff's constitutional rights. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

If the answer to the first question is yes, I then ask if the right was clearly established within a sufficiently analogous factual setting. *See Saucier*, *supra*, 533 U.S. at 201; *Medina v.*

4

*City and County of Denver*, 960 F.2d 1493, 1497 (10th Cir. 1992). This determination must also be made within the specific context of the case, not as a broad general proposition. *See Saucier*, 533 U.S. at 201. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina*, 960 F.2d at 1498. This does not mean the prior case law must have precisely the same facts, however, but rather requires a particularized inquiry to determine whether the contours of the right were sufficiently defined by prior case law such that "a reasonable official would understand what he is doing violates that right." *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

If both inquiries can be met in the affirmative, then the defendant is not entitled to qualified immunity. *See Saucier*, *supra*, 533 U.S. at 201. For purposes of defeating a motion to dismiss based on qualified immunity, therefore, the plaintiff must allege sufficient facts to show he plausibly, not just speculatively, meets both inquiries. *See Robbins*, *supra*, 519 F.3d at 1247. In § 1983 claims such as this one, the plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom* . . . as distinguished from collective allegations against the state." *Id*. at 1249–50 (emphasis in original). Mere conclusory allegations are insufficient. *See id*.

### III. QUALIFIED IMMUNITY ANALYSIS

A plaintiff initially bears the burden of coming forward with facts or allegations sufficient to show both that the defendant's actions violated a constitutional or statutory right

5

and that such right was clearly established. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006); *Stewart v. Donges*, 915 F.2d 572, 580 (10th Cir. 1990). A plaintiff can demonstrate "a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Anderson*, 469 F.3d at 914.

Plaintiff's allegations against Thomas—while difficult to discern from the inartfully crafted complaint—appear to be that Thomas knowingly and intentionally included false information on the affidavit of probable cause for an arrest warrant. "No one could doubt that the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004) (citing *Stewart*, *supra*, 915 F.2d at 581). Thus, in order to meet his burden, Plaintiff need only meet the first part of the *Saucier* test: Plaintiff must allege sufficient facts to show Thomas violated the right. Plaintiff does not meet this burden.

In order to show Thomas violated Plaintiff's constitutional rights, Plaintiff must allege Thomas submitted an affidavit of probable cause while having no reasonable belief that probable cause existed. *See McFarland v. Childers*, 212 F.3d 1178, 1186 (10th Cir. 2000). As alleged in the complaint, Clemons showed Thomas the temporary restraining order—which on its face contained no indication it had been vacated nine days prior—and told Thomas that Plaintiff had violated the order's terms. Clemons's neighbor confirmed that Plaintiff had been within 100 yards of the property. Thomas then verified the existence of a restraining order protecting Clemons from Plaintiff—which, unbeknownst to Thomas, was a different restraining order from that which she was shown—in the NCIC system.

While Plaintiff alleges "Clemons had actual knowledge at the time she called the Leadville Police Department that the Restraining Order she presented to Officer Thomas had been vacated and that the charges for stalking and harassment were dismissed on October 25, 2007," Plaintiff does not allege Clemons imparted this information to Thomas. Plaintiff alleges no facts suggesting Thomas should have suspected the truthfulness of Clemons's assertions, nor any other facts suggesting Thomas's reliance on the facially-valid restraining order—and the subsequent confirmation with NCIC that a valid restraining order against Plaintiff existed—was unreasonable.

Accordingly, within the context of the claim alleged, Plaintiff fails to allege sufficient facts to show that if all the alleged facts—and only the alleged facts—are believed to be true, Thomas acted in a manner that deprived Plaintiff of his constitutional rights. *See Twombly*, *supra*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48. Plaintiff's claims against Thomas are therefore dismissed.

## IV. REMAINING DEFENDANTS

Having dismissed the claims against Thomas, I now turn to the proper disposition of the remaining claims against the two non-state actors—claims which arise under Colorado state tort law. As this case was originally considered on federal question jurisdiction, the dismissal of Plaintiff's § 1983 claims extinguishes my jurisdiction and generally prevents me from reviewing the merits of the remaining pendent state law claims. *See McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006); *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998). While I may retain pendent jurisdiction if the interests of judicial economy, convenience, and fairness to the parties so require, the preference for dismissal is particularly

high where, as here, the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Lancaster*, 149 F.3d at 1236; *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995).

Under the well-established doctrine of comity to the states, Colorado courts have a strong interest in enforcing their own laws. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988). I find no compelling reason—taking into account the interests of judicial economy, convenience, and fairness to the litigants—why federal jurisdiction should be retained in this case. This case is in its nascency and discovery has been stayed pending resolution of the qualified immunity issue. I therefore dismiss Plaintiff's state law claims against the remaining defendants without prejudice. *See Lancaster*, *supra*, 149 F.3d at 1236

## V. CONCLUSION

Accordingly, Defendant Thomas's Motion to Dismiss [**Docket # 8**] is GRANTED and the claims against Thomas are DISMISSED WITH PREJUDICE. Plaintiff's claims against Defendant Clemons and Defendant Perkins are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: November   21  , 2008.

                                                      BY THE COURT:

                                                        s/Lewis T. Babcock
                                                      Lewis T. Babcock, Judge